Argued and submitted May 19, reversed and remanded for reconsideration
November 8, 1995

OREGON OCCUPATIONAL SAFETY
AND HEALTH DIVISION,
*Petitioner,*

*v.*

FALL CREEK LOGGING CO.,
*Respondent.*

(SH-92352; CA A84785)

905 P2d 241

Jas. Adams, Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Elliott Cummins argued the cause for respondent. With him on the brief were George W. Goodman and Cummins, Goodman, Fish & Peterson, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The Oregon Occupational Safety and Health Division (OSHD) seeks review of a referee's order that dismissed a citation issued to Fall Creek Logging Co. OSHD issued the citation for an alleged failure by a log-truck driver to wear a hard-hat, as required by OAR 437-06-045(2). OSHD based the citation on information that it had obtained in an inspection of Fall Creek that was undertaken to determine the cause of a fatal accident. OSHD asserts that the referee erroneously dismissed the citation on the ground that it was issued for a condition that was unrelated to the accident that triggered the inspection. We review for errors of law, ORS 183.482-(8)(a), and reverse.

Neither party disputes the referee's findings:

"On May 1, 1992, at approximately 7:20 a.m., [employer] was [engaged] in logging activities at a site near Grande Ronde, Oregon. At that time and place, Nolan J. 'Shorty' Curl was receiving a load of pulp logs onto his log truck. The shovel operator was moving a saw log, which was not intended to be a part of the truck load, from the landing on the right side of the truck to the log deck on the left side of the truck. As the log approached the truck, the shovel operator observed Mr. Curl standing by the left side of the truck adjacent to the rear stakes, in the intended path of the saw log. The shovel operator raised the log to allow it to clear the truck. As the log [rose], it hit a guy line and was knocked loose from the heel plate. The log fell and struck Mr. Curl in the upper back and neck, killing him. Mr. Curl was not wearing an approved hard hat.

"[Employer] had been comprehensively inspected by [OSHD] on March 23, 1992, and had been cited for several alleged violations, including a violation of OAR 437-06-045(2).[1] That citation was not appealed. At approximately 10:30 a.m. on May 1, 1992, Sam Drill, Safety Compliance Officer (SCO), arrived at the logging site and began an accident investigation. * * * As a result of SCO Drill's investigation, [employer] was cited for an alleged repeat violation of OAR 437-06-045(2).

---

[1] OAR 437-06-045(2) provides, in relevant part:

"Employees engaged in logging activities or working in areas where there is possible danger of head injury from impact or from falling or flying objects, shall wear an approved hard hat * * *."

"The result of the accident, Mr. Curl's death, would have occurred whether or not Mr. Curl had been wearing an approved hard hat."

On those facts, the referee concluded:

"The issue is whether, in the context of an accident investigation conducted within 12 months of a comprehensive inspection, the inspection permits citation for alleged violations in no way related to the cause of the accident or its result. I conclude that it does not. OAR 437-01-015[(35)](f)."[2]

OSHD asserts that the referee erred as a matter of law in holding that OSHD may not issue a citation for a violation that it discovers in the course of an accident investigation if the violation is not related to the cause of the accident. OSHD argues that it may issue a citation for any violation discovered while conducting a lawful accident inspection, regardless of whether the violation is a cause of the accident. Employer asserts that, if the scope of the investigation is limited to determining the cause of the accident, the authority to issue citations should be limited to violations that caused the accident. We hold that OSHD's authority to issue citations in the context of an accident investigation is not limited to violations that caused the accident.

OSHD's authority to issue citations is set forth in ORS 654.071(1):

---

[2] OAR 437-01-015(35) defines the inspections relevant to this case as follows:

"**Inspection** - An official examination of a place of employment by [a] Compliance Officer to determine if an employer is in compliance with the Act. An inspection may be classified as:

"**(a) Routine inspection** - An inspection of a place of employment which is made based principally on that place of employment's record of workers' compensation claims or Standard Industrial Classification and number of employees.

"* * * * *

"**(f) Accident investigation** - An inspection made to determine the cause of an accident[.]"

OAR 431-01-057(4) limits complete routine inspections of any fixed place of employment to one inspection every 12 months, absent circumstances that are not present in this case. The parties do not discuss whether the place of employment in this case was a fixed place of employment that is subject to the 12-month limit on routine inspections in OAR 431-01-057(4). *See* OAR 431-01-015(30). Because of the basis of our decision, we need not decide that question.

"If the director or an authorized representative of the director has reason to believe, after inspection or investigation of a place of employment, that an employer has violated *any* state occupational safety or health law, regulation, standard, rule or order, the director or the authorized representative shall with reasonable promptness issue to such employer a citation, and notice of proposed civil penalty, if any, to be assessed under this chapter, and fix a reasonable time for correction of the alleged violation."

(Emphasis supplied.) The statute authorizes a citation whenever the inspector has reason to believe that the employer has violated any regulation. Nowhere does the statute state that the inspector's authority to issue citations is limited to violations that are related to the inspection-triggering event. Likewise, the administrative rules place no such restriction on the inspector's authority to issue citations. OAR 437-01-205(1) provides: "If the Division concludes from the review of an inspection report that a rule or order was violated, a citation will be issued to the employer * * *."

Employer concedes that OSHD properly obtained the evidence on which it based its citation for the hard-hat violation.[3] Employer asserts, however, that although OSHD had authority to gather the evidence, it did not have authority to issue a citation based on that evidence. In support of that assertion, employer argues that, in the context of an accident investigation, when OSHD cites an employer for a non-accident-related violation, OSHD is, in effect, going beyond the scope of the accident investigation. At that point, employer argues, OSHD must obtain either the employer's consent or an appropriate, additional inspection warrant, not for evidence-gathering purposes, but in order to issue a valid citation.[4]

---

[3] The SCO learned that Curl was not wearing a hard-hat through questioning witnesses about the accident. The shovel operator told the SCO that he became aware of Curl's location when he saw Curl's baseball cap. The SCO used that information to issue the hard-hat citation.

[4] Employer does not specify what additional warrant OSHD should be required to obtain before it may issue a citation for a violation discovered in the course of conducting a valid accident investigation. In this case, OSHD did not go beyond the scope of the accident investigation to obtain the evidence underlying the alleged hard-hat violation. Because OSHD did not need additional evidence-gathering authority, there is no basis to require an additional warrant.

Employer's argument wrongly equates the scope of OSHD's authority to inspect, or to obtain evidence, with the scope of its authority to issue citations. OSHD's authority to issue citations is distinct from its authority to inspect. *Compare* ORS 654.071(1) *with* ORS 654.067(3) *and* ORS 654.206(1).

OSHD may inspect an employer's premises with the employer's consent or with a valid inspection warrant. ORS 654.067(3). OSHD may obtain an inspection warrant based on cause, ORS 654.206(1), and

"[c]ause shall be deemed to exist if reasonable legislative or administrative standards for conducting a routine, periodic or area inspection are satisfied with respect to the particular place of employment, or there is probable cause to believe that a condition of nonconformity with a safety or health statute, ordinance, regulation, rule, standard or order exists with respect to the particular place of employment, or an investigation is reasonably believed to be necessary in order to determine or verify the cause of an employee's death, injury or illness."

ORS 654.206(2). A warrant to perform an accident investigation gives OSHD the authority to inspect an employer to determine the cause of an accident. ORS 654.067(3); ORS 654.206(2); OAR 437-01-015(35)(f). In contrast, although OSHD's evidence-gathering authority is limited by the purpose for which the inspection is authorized, its authority to issue citations is not. That is because ORS 654.071(1) authorizes OSHD, on completion of an inspection, to issue a citation for any violation believed to exist. Therefore, OSHD's authority to issue citations is not linked to, or limited by, the type of inspection being performed.[5]

Under ORS 654.071(1), on completing its accident investigation, OSHD properly cited employer for the alleged hard-hat violation. Because OSHD lawfully obtained the

---

[5] Employer cites *Marshall v. Barlow's, Inc.*, 436 US 307, 323, 98 S Ct 1816, 56 L Ed 2d 305 (1978), in support of the assertion that OSHD needed an additional warrant or employer's consent to issue the citation. Employer's argument finds no support in that case, which addressed the reasonableness of warrantless administrative searches under the Fourth Amendment to the United States Constitution. That case did not address the agency's authority to issue citations pursuant to a properly conducted inspection.

evidence on which it based the citation, the referee erred in dismissing the citation.

Reversed and remanded for reconsideration.